UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN G. STEVENS

                        Plaintiff,

        vs.

KERIOTH CORPORATION, KERIOTH REALTY
COMPANY, LLC, KERIOTH CONSTRUCTION
INCORPORATED, CLINTON G. HERRING, JR.,
AND DAVID W. HATCHETT

                        Defendants.



**NOTICE OF REMOVAL**

New York Supreme Court
(New York County)

Index No.: 604182/2007

TO:       UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF NEW YORK

        Pursuant to 28 U.S.C §§ 1441 and 1446, defendants Kerioth Corporation, Kerioth Realty

Company, LLC, Kerioth Construction Incorporated, Clinton G. Herring, Jr. and David W.

Hatchett (collectively "Defendants"), hereby remove the above-captioned action to the

Untied States District Court for the Southern District of New York, and respectfully state as

follows:

        1.       This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), on

the ground that this Court has original diversity jurisdiction and the amount in controversy

exceeds $75,000.

        2.       On or about January 14, 2008, plaintiff served a Summons and Complaint in an

action entitled Stevens v. Kerioth Corporation, Index No. 604182/2007, which action was

commenced in the Supreme Court of the State of New York, County of New York.

3.      Pursuant to 28 U.S.C. § 1446(a), Defendants attach Exhibit "A" the Summons and Complaint in this action, which constitutes all "process, pleadings and orders" served to date. There are no pending motions in this action.

4.      Upon information and belief, and according to the allegations of the Complaint, at the time of the commencement of this action, plaintiff was a citizen and resident of Georgia.

5.      At the time of the commencement of this action, defendant Kerioth Corporation was a corporation duly organized under the laws of the state of Mississippi with its principal place of business at P.O. Box 16436, Jackson, Mississippi 39236.

6.      At the time of the commencement of this action, defendant Kerioth Realty Company, LLC was a limited liability company duly organized under the laws of the state of Mississippi with its principal place of business at P.O. Box 16436, Jackson, Mississippi 39236.

7.      Kerioth Realty Company LLC has two members, each of whom are citizens and residents of Mississippi.  Clinton G. Herring, Jr. is a resident and citizen of the state of Mississippi, whose address is 319 Hillview Drive, Ridgeland, Mississippi 39157.  Terri Herring is a resident and citizen of the state of Mississippi, whose address is 319 Hillview Drive, Ridgeland, Mississippi 39157.

8.      At the time of the commencement of this action, defendant Kerioth Construction Incorporated was a corporation duly organized under the laws of the state of Mississippi with its principal place of business at P.O. Box 16436, Jackson, Mississippi 39236.

9.      At the time of the commencement of this action, defendant Clinton G. Herring, Jr. was and is a resident and citizen of the state of Mississippi, whose address is 319 Hillview Drive, Ridgeland, Mississippi 39157.

- 2 -

10903763.1

10.     At the time of the commencement of this action, defendant David W. Hatchett was and is a resident and citizen of the state of Mississippi, whose address is 1637 Douglass Drive, Jackson, Mississippi 39211.

11.     The Complaint asserts claims for breach of contract, breach of duty of good faith and fair dealing, wrongful termination in breach of contract, and aiding and abetting and demands judgment in an amount in excess of $100,000, along with the costs of the litigation, including interest, and reasonable attorneys' fees.

12.     This notice is being filed within 30 days after receipt by Defendants of notice of this action, and is therefore timely filed pursuant to 28 U.S.C. § 1445(d).

13.     This notice is being filed with the consent of each of the Defendants.

14.     This Court has original diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), and the action is therefore removable pursuant to 28 U.S.C. § 1441(a).

15.     Written notice of the filing of this notice will promptly be given to plaintiff, and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of New York, as provided by 28 U.S.C. § 1446(d).

16.     Defendants expressly reserve any and all defenses which may be available to them in this action.

10903763.1

WHEREFORE, Defendants pray that this action proceed in this Court as an action properly removed thereto.

Dated:  February 13, 2008
       Jericho, New York

NIXON PEABODY LLP

By: _Thomas M. Mealiffe_
    Joseph J. Ortego (JO 3823)
    Thomas M. Mealiffe (TM 7369)
    *Attorneys for Defendants,*
    *Kerioth Corporation, Kerioth Realty*
    *Company, LLC, Kerioth Construction*
    *Incorporated, Clinton G. Herring, Jr.,*
    *and David W. Hatchett*
    50 Jericho Quadrangle, Suite 300
    Jericho, New York 11753
    (516) 832-7500

To:
Curtis V. Trinko
LAW OFFICES OF CURTIS V. TRINKO, LLP
16 West 46th Street, 7th Floor
New York, New York 10036
Tel. (212) 490-9550
Fax. (212) 986-0158
Email: ctrinko@trinko.com

- 4 -

10903763.1

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------X

ALAN G. STEVENS

                    Plaintiff,

          vs.

KERIOTH CORPORATION, KERIOTH
REALTY COMPANY, LLC, KERIOTH
CONSTRUCTION INCORPORATED,
CLINTON G. HERRING, JR., AND
DAVID W. HATCHETT

-------------------------------------------------------X

Index No.: 07 604182

**Date Filed and Purchased:** 12 20 07

Plaintiff designates
NEW YORK COUNTY
as the place of trial

**SUMMONS**

*The basis of venue is*
Agreed Upon Forum Selection Clause

TO THE ABOVE-NAMED DEFENDANT(S):

      You are hereby Summoned to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: December 18, 2007
      New York, New York

                         **LAW OFFICES OF CURTIS V. TRINKO, LLP**

                         By: _____
                         Curtis V. Trinko
                         16 West 46th Street, 7th Floor
                         New York, New York 10036
                         (212) 490-9550

Defendants' addresses:
Kerioth Corporation
4266 I-55 North
Suite 106
Jackson, Mississippi 39211
(SEE ATTACHED RIDER FOR CONTINUATION)

## RIDER TO SUMMONS

Kerioth Realty Company, LLC
4266 I-55 North
Suite 106
Jackon, Mississippi 39211

Kerioth Construction Incorporated
4266 I-55 North
Suite 106
Jackson, Mississippi 39211

Clinton G. Herring, Jr.
4266 I-55 North
Suite 106
Jackson, Mississippi 39211

David W. Hatchett
4266 I-55 North
Suite 106
Jackson, Mississippi 39211

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

ALAN G. STEVENS,

Plaintiff,

-against-

KERIOTH CORPORATION, KERIOTH
REALTY COMPANY, LLC, KERIOTH
CONSTRUCTION INCORPORATED,
CLINTON G. HERRING JR., AND
DAVID W. HATCHETT,

Defendants

------------------------------------------------------------x

Index No. 07600482

COMPLAINT

Plaintiff, Alan G. Stevens, by his attorneys, Law Offices of Curtis V. Trinko, LLP, as and

for his complaint against Defendants, Kerioth Corporation, Kerioth Realty Company, LLC,

Kerioth Construction Incorporated, Clinton G. Herring Jr., and David W. Hatchett, alleges as

follows:

## SUMMARY OF ACTION

1.      Plaintiff brings this action against Kerioth Corporation and the other named

defendants, for breach of contract,  breaching their duty of good faith and fair dealing, wrongful

termination in breach of contract, and aiding and abetting.

2.      On May 14, 2007, Plaintiff and Defendants entered into an Authorization

Agreement whereby Plaintiff was the exclusive mortgage broker for obtaining construction

financing for the property located at the Township at Colony Park, specifically No.'s

1107/1109/1111 Highland Colony Parkway, Ridgeland, Mississippi.  Pursuant to the written

Authorization Agreement, Plaintiff was due a mortgage brokerage fee equal to 3/8 of 1% of the loan amount. Defendants breached the Authorization Agreement, as well as their duty of good faith and fair dealing, by obtaining construction financing from other lenders prior to Plaintiff's termination, and by failing to render to Plaintiff his brokerage fee. Defendants also wrongfully terminated Plaintiff in breach of the Authorization Agreement when they terminated the Plaintiff without reasonable cause. Defendants Clinton G. Herring Jr. and David W. Hatchett aided and abetted the breaches of contract

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the controversy and venue is herein proper inasmuch as the Authorization Agreement entered into by and between Plaintiff and Defendants mandated that any litigation arising from the Agreement shall be governed by the laws of New York State, and that any such litigation shall be conducted in New York County.

## PARTIES

4.      Plaintiff Alan G. Stevens ("Stevens") resides in Fulton County, Georgia. On May 14, 2007, Plaintiff and Defendants entered into an Authorization Agreement whereby Plaintiff was designated the exclusive mortgage broker for obtaining construction financing for the property located at the Township at Colony Park, specifically No.'s 1107/1109/1111 Highland Colony Parkway, Ridgeland, Mississippi.

5.      Defendant Kerioth Corporation, with its principal place of business located at 4266 I-55 North, Suite 106, Jackson, Mississippi 39211, develops, builds, owns and manages real estate properties in Mississippi. On May 14, 2007, Defendant Kerioth Corp. entered into an Authorization Agreement with Plaintiff whereby Plaintiff was designated the exclusive mortgage

2

broker for obtaining construction financing for the property located at the Township at Colony Park, specifically No.'s 1107/1109/1111 Highland Colony Parkway, Ridgeland, Mississippi

6.      Defendant Kerioth Realty Company, LLC, is a subsidiary of Kerioth Corporation with its principal place of business located at 4266 I-55 North, Suite 106, Jackson, Mississippi 39211. Defendant Kerioth Realty Company, LLC is the sales and lease broker for the Township at Colony Park.

7.      Defendant Kerioth Construction Incorporated is a subsidiary of Kerioth Corporation with its principal place of business located at 4266 I-55 North, Suite 106, Jackson, Mississippi 39211. Defendant Kerioth Construction Inc. is the general contractor for the Township at Colony Park.

8.      Defendant Clinton G. Herring Jr. is the President, Vice-President, Director and Treasurer of Kerioth Corporation, Kerioth Realty Company, LLC, and Kerioth Construction Incorporated.

9.      Defendant David W. Hatchett is the Vice-President of Operations and Finance of Kerioth Corporation, Kerioth Realty Company, LLC, and Kerioth Construction Incorporated. On behalf of all Defendants, Defendant Hatchett entered into an Authorization Agreement with Plaintiff on May 14, 2007, whereby Plaintiff was designated the exclusive mortgage broker for obtaining construction financing for the property located at the Township at Colony Park, specifically No.'s 1107/1109/1111 Highland Colony Parkway, Ridgeland, Mississippi

## SUBSTANTIVE ALLEGATIONS

10.      On May 14, 2007, Plaintiff and Defendant Kerioth Corporation entered into an Authorization Agreement pursuant to which Plaintiff was designated and thereafter functioned as

3

the exclusive mortgage broker for obtaining construction financing for the property located at the Township at Colony Park, specifically No.'s 1107/1109/1111 Highland Colony Parkway, Ridgeland, Mississippi ("the Colony Park Property"). On May 14, 2007, Defendant Hatchett, on behalf of Kerioth Corporation and the other defendants, agreed to and signed the Authorization Agreement whereby Plaintiff was designated the exclusive mortgage broker for the subject property.

11.     On May 3, 2007, Plaintiff signed and delivered the Authorization Agreement to Kerioth Corporation.

12.     The Authorization Agreement provided that Defendants retained Plaintiff exclusively as their mortgage broker, and further authorized the Plaintiff to prepare, submit and negotiate on Defendants' behalf with Key Bank. (or through their correspondent, Key Bank Real Estate Capital), for a construction loan, financing construction on the Township at Colony Park, specifically No.'s 1107/1109/1111 Highland Colony Parkway, Ridgeland, Mississippi.

13.     The Authorization Agreement provides in part:

> My engagement in such capacity shall begin on the date you countersign the enclosed copy of this letter and shall be for a period of sixty (60) business days. Thereafter, you may terminate my services by giving to me fifteen (15) banking days' advance written notice, provided that, notwithstanding any such notice of termination will be for reasonable cause shown and this agreement shall continue in full force and effect with regard to any negotiations with, and any commitments and/or financing from, lenders I introduced to you with respect to this loan or to whom I have submitted an application for this loan on your behalf.
>
> ***
>
> As compensation for my services, you will pay me the

4

mortgage brokerage fee in the sum of 3/8 of 1% of the loan amount. Such fee shall be deemed to have been earned and to be due and payable upon closing of the loan, either conforming substantially to the specifications in an application, or upon the consummation of the loan without any commitment having been issued by a lender introduced by me.

\*\*\*

[Defendants] further agree[s] that in the future, for a period not to exceed thirty six (36) months from the date first indicated herein, if [Defendants] obtain any new financings from this lender to [Defendants], [Defendants] will pay to [Plaintiff] as additional compensation, the same brokerage fee of ½ of 1% on the principal balance of the loan transactions closed with said source. The provisions of this paragraph shall be limited to any new financings with this lender for properties located in the Jackson, MS metropolitan area to include the counties of Madison and Rankin, MS.

14.    Pursuant to the Authorization Agreement, Plaintiff thereafter pursued financing from Key Bank for a construction loan of $16.5 million on the subject property.

15.    Upon information and belief, prior to terminating the aforesaid Agreement with the Plaintiff, Defendants sought construction financing for the Colony Park Property from a lender other than Key Bank without notifying the Plaintiff.

16.    On a date unknown to the Plaintiff, Defendants closed on a $16.5 million loan for construction financing for the subject Colony Park Property from a lender other than Key Bank without notifying the Plaintiff.

17.    Even though Plaintiff had performed all of his obligations under the Authorization Agreement, by means of a September 17, 2007 letter prepared and sent by Defendants' attorneys, Watkins & Eager PLLC, to Plaintiff's Attorneys, Defendants purported to terminate Plaintiff without cause.

5

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

18.     Plaintiff repeats and realleges paragraphs 1 through 17 above as though set forth herein at length.

19.     Defendants materially breached the Authorization Agreement with Plaintiff by breaching Plaintiff's exclusive right to serve as Defendants' mortgage broker for obtaining construction financing on the subject Colony Park Property, prior to the effective termination of Plaintiff's Agreement, and without providing due compensation to the Plaintiff.

20.     Plaintiff has suffered damages as a result of Defendants' breach of the terms of the Authorization Agreement between Plaintiff and Defendants.

## SECOND CAUSE OF ACTION:
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

21.     Plaintiff repeats and realleges paragraphs 1 through 20 above as though set forth herein at length.

22.     By the acts, practices and omissions described above, Defendants breached their duty of good faith and fair dealing with Plaintiff.

23.     Plaintiff has suffered damages as a result of Defendants' breach of their duty of good faith and fair dealing with regard to their business relationship with Plaintiff.

## THIRD CAUSE OF ACTION:
## WRONGFUL TERMINATION IN BREACH OF CONTRACT

24.     Plaintiff repeats and realleges paragraphs 1 through 23 above as though set forth herein at length.

25.     Plaintiff and Defendants entered into the Authorization Agreement which

6

provided that the Plaintiff may only be terminated for "reasonable cause shown…"

26.     Defendants materially breached the Authorization Agreement with Plaintiff by terminating Plaintiff without the existence of reasonable cause.

27.     Plaintiff has suffered damages as a result of Defendant's breach of the terms of the Authorization Agreement between Plaintiff and Defendants.

## FOURTH CAUSE OF ACTION:
## AIDING AND ABETTING

28.     Plaintiff repeats and realleges paragraphs 1 through 27 as though set forth herein.

29.     Defendants Clinton G. Herring Jr. and David W. Hatchett has directly benefitted and has knowingly and substantially participated in a scheme committed by Defendants and aided and abetted the breaches of contract as described herein by breaching Plaintiff's exclusive right to serve as Defendants' mortgage broker for obtaining construction financing on the subject Colony Park Property, prior to the effective termination of Plaintiff's Agreement and without providing due compensation to the Plaintiff, by seeking construction financing for the Colony Park Property from a lender other than Key Bank in breach of the Authorization Agreement and by terminating Plaintiff without reasonable cause shown in breach of the Authorization Agreement.

30.     Plaintiff has suffered damages as a result of Defendants Clinton G. Herring Jr. and David W. Hatchett aiding and abetting Kerioth Corporation's breaches of contract.

7

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

1.    Awarding compensatory damages in an amount in excess of $100,000;

2.    Granting Plaintiff the costs of prosecuting this action, together with interest and reasonable attorneys' fees; and

3.    Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      December 14, 2007

                       Yours, etc.,

                       **LAW OFFICES OF CURTIS V. TRINKO, LLP**

By: _Curtis V. Trinko_
                    Curtis V. Trinko, Esq.
                    Wai K. Chan, Esq.
                    16 West 46th Street, 7th Floor
                    New York, NY 10036
                    Tel. (212) 490-9550
                    Fax. (212) 986-0158
                    Email: ctrinko@trinko.com

                    **Attorneys for Plaintiff**