UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN G. STEVENS<br><br>                    Plaintiff,<br><br>vs.<br><br>KERIOTH CORPORATION, KERIOTH REALTY COMPANY, LLC, KERIOTH CONSTRUCTION INCORPORATED, CLINTON G. HERRING, JR., AND DAVID W. HATCHETT<br><br>                    Defendants. | **ANSWER**<br><br>Civil Action No.: 08-CV-01491 |

Defendant Kerioth Corporation ("Defendant") by and through its attorneys, Nixon Peabody LLP, as and for its Answer to Plaintiff's Complaint states as follows:

## SUMMARY OF ACTION

1.  Paragraph "1" does not contain any allegations to which a response is required. To the extent a response is required, Defendant denies the allegations contained within Paragraph "1".

2.  Defendant denies the allegations contained in Paragraph "2", except admits that on or about May 14, 2007 defendant Kerioth Corporation entered into an Authorization Agreement with Plaintiff.

## JURISDICTION AND VENUE

3.  The allegations contained in Paragraph "3" of the Complaint consist of conclusions of law to which no response is required. To the extent that response is required, Defendant denies said allegations.

10902630.1

## PARTIES

4. Defendant denies information and knowledge sufficient to form a belief regarding the residence of Plaintiff. Defendant denies the remaining allegations contained in Paragraph "4".

5. Defendant denies the allegations contained in Paragraph "5", except admits that on or about May 14, 2007 defendant Kerioth Corporation entered into an Authorization Agreement with Plaintiff.

6. Defendant denies the allegations contained in Paragraph "6".

7. Defendant denies the allegations contained in Paragraph "7".

8. To the extent the allegations contained within Paragraph "8" are directed at other defendants, Defendant denies information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "8". To the extent the allegations are directed at Defendant, Defendant denies the allegations contained in Paragraph "8", except admits that Clint G. Herring Jr. is President of Kerioth Corporation.

9. To the extent the allegations contained within Paragraph "9" are directed at other defendants, Defendant denies information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "9". To the extent the allegations are directed at Defendant, Defendant denies the allegations contained in Paragraph "9", except admits that David W. Hatchett is Vice President of Finance for Kerioth Corporation.

## SUBSTANTIVE ALLEGATIONS

10. Defendant denies the allegations contained in Paragraph "10", except admits that on or about May 14, 2007 defendant Kerioth Corporation entered into an Authorization Agreement with Plaintiff.

10902630.1

11. Defendant denies information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "11".

12. Defendant denies the allegations contained in Paragraph "12".

13. Defendant denies the allegations contained in Paragraph "13", as any agreement between the parties speaks for itself and cannot be read apart from the other provisions contained within that agreement.

14. Defendant denies information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "14".

15. To the extent the allegations in Paragraph "15" are directed at other defendants, Defendant denies information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "15". To the extent that the allegations are directed at Defendant, Defendant denies the allegations contained in Paragraph "15".

16. To the extent the allegations in Paragraph "16" are directed at other defendants, Defendant denies information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "16". To the extent that the allegations are directed at Defendant, Defendant denies the allegations contained in Paragraph "16".

17. To the extent the allegations in Paragraph "17" are directed at other defendants, Defendant denies information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "17". To the extent that the allegations are directed at Defendant, Defendant denies the allegations contained in Paragraph "17", except admits that Defendant terminated the Authorization Agreement with Plaintiff for cause.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

18. Defendant incorporates by reference responses to paragraphs "1" through "17" as if fully set forth herein.

19. Defendant denies the allegations contained in Paragraph "19".

20. Defendant denies the allegations contained in Paragraph "20".

### SECOND CAUSE OF ACTION:
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

21. Defendant incorporates by reference responses to paragraphs "1" through "20" as if fully set forth herein.

22. Defendant denies the allegations contained in Paragraph "22".

23. Defendant denies the allegations contained in Paragraph "23".

### THIRD CAUSE OF ACTION:
### WRONGFUL TERMINATION IN BREACH OF CONTRACT

24. Defendant incorporates by reference responses to paragraphs "1" through "23" as if fully set forth herein.

25. Defendant denies the allegations contained in Paragraph "25", as any agreement between the parties speaks for itself and cannot be read apart from the other provisions contained within that agreement.

26. Defendant denies the allegations contained in Paragraph "26".

27. Defendant denies the allegations contained in Paragraph "27".

### FOURTH CAUSE OF ACTION:
### AIDING AND ABETTING

28. Defendant incorporates by reference responses to paragraphs "1" through "27" as if fully set forth herein.

29. Defendant denies the allegations contained in Paragraph "29".

30. Defendant denies the allegations contained in Paragraph "30".

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

31. Plaintiff has failed to state a cause of action for which relief may be granted.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

32. Plaintiff breached his contract with Defendant.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

33. Plaintiff's causes of action are barred, in whole or in part, by the Statute of Frauds.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred, in whole or in part, to the extent that there has been a failure to comply with the conditions and requirements contained in the alleged contracts between Plaintiff and Defendant.

### AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

35. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred, in whole or in part, by the principles or doctrines of estoppel, waiver, laches and/or unclean hands.

### AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

37. Plaintiffs waived and are estopped from asserting some or all of its claims based on the parties' course of performance, course of dealing, and usage of trade.

### AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

38. Plaintiff's remedies are barred to the extent that they have failed to take reasonable steps to mitigate their damages.

### AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

39. The Court lacks personal jurisdiction.

### AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

40. The Court lacks subject matter jurisdiction.

### AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE

41. Defendant's acts or omissions were justified under the circumstances.

### AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

42. At all times and in all respects Defendant acted toward Plaintiffs in good faith and without malice.

### AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

43. Plaintiff breached his covenant of good faith and fair dealing with Defendant.

### AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE

44. Defendants hereby give notice that they intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

### JURY DEMAND

Defendant demands a trial by jury upon all issues, to the fullest extent permitted by law.

WHEREFORE, Defendant Kerioth Corporation demands judgment in their favor:

1. dismissing the Complaint in its entirety with prejudice;

2. awarding Defendant its costs and disbursements of this action;

3. granting Defendant such other and further relief as the Court deems just, equitable and proper.

DATED: February 19, 2008

By: /s/ Thomas M. Mealiffe
Joseph J. Ortego (JO 3839)
Thomas M. Mealiffe (TM 7369)
NIXON PEABODY LLP
*Attorneys for Defendants Kerioth Corporation, Kerioth Realty Company, LLC, Kerioth Construction Incorporated, Clinton G. Herring, Jr., and David W. Hatchett*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500

To:
Curtis V. Trinko
LAW OFFICES OF CURTIS V. TRINKO, LLP
16 West 46th Street, 7th Floor
New York, New York 10036
(212) 490-9550

10902630.1